Hon. David T. Pullen Town Attorney, Hume
This is in response to your letter requesting an opinion of the Attorney General as to whether the Town Board of the Town of Hume has authority to eliminate one of the two Town Justice positions. You further inquired as to the effective date of the elimination of the position.
In your letter you pointed out that there is an apparent conflict between two sections of the Town Law. Town Law, § 20, subdivision 1 (b) provides, in part:
 "(b) Except as otherwise provided by law, every town of the second class shall have a supervisor, two justices of the peace, two town councilmen * * *."
Town Law, § 60-a, subdivision 2 (a 1976 amendment) states, in part:
 "2. In the event the town board determines that it will be in the best interests of the town, such town board may, by the adoption of a resolution, subject to permissive referendum, reduce the number of councilmen or town justices * * *."
This issue has been addressed in a previous opinion of the Attorney General. In 1977 Op Atty Gen 143, we stated:
 "In our opinion, the new provisions contained in the 1976 amendment to Town Law supersede those provisions of Town Law, § 20, subdivision 1, paragraph b insofar as they differ therefrom."
Additionally, Town Law, § 60-a, subdivision 2 also specifically provides that, in the event of a reduction in the number of town councilmen, there may not be less than two councilmen. No such provision is made for Town Justices.
Thus, in answer to your first question, it is our opinion that the Town Board of the Town of Hume has the authority to reduce the number of justices from two to one, subject to permissive referendum.
In the facts presented, you indicated that a Town Justice had resigned shortly after election. As a result of this, and the Board's feeling that there was no need for two Town Justices, the Board passed a resolution eliminating that position. You now inquire as to whether that action takes effect immediately or whether the vacancy must be filled.
In an informal opinion of the Attorney General dated May 5, 1978 addressed to the Town Attorney of the Town of Catlin, a similar factual situation existed. There, the person elected to the office of Town Justice declined to act. In your situation, the justice resigned shortly after election. In both instances, a vacancy was created under Public Officers Law, § 30, subdivision 1 which must be filled pursuant to New York State Constitution, Art. XIII, § 3; Public Officers Law, § 42 (1); and Town Law, § 64, subdivision 5. In that opinion we stated:
 "* * * the Town Board has authority to reduce the number of justices by a resolution of the Board subject to permissive referendum effective at the end of the existing four year term to which the person involved was elected" (emphasis supplied).
Thus, we are of the opinion that the action of the Town Board in reducing the number of justices cannot take effect immediately, but ony at the end of the term to which the justice was elected.
Further discussions on this subject can be found in informal opinions of the Attorney General reported in 1977 Op Atty Gen 238 and 303, as well as opinions of the State Comptroller at 11 Op St Comp 675. Enclosed is a copy of the above-cited, as yet unreported, informal opinion of the Attorney General dated May 5, 1978.